1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8
9

EASTERN DISTRICT OF CALIFORNIA

10 DAVID ROMERO,                               **Case No.  1:14-cv-01062-SKO**

11          Plaintiff,                         **AMENDED PRETRIAL ORDER**
                                               **CONTINUING TRIAL AND CERTAIN**
12     v.                                      **PRETRIAL DEADLINES**

13                                             **Motions in Limine**
                                               **Filing Deadline:      September 20, 2017**
14 JAMES YATES,                                **(as previously set)**

15          Defendant.                         **Motions in Limine**
                                               **Response Deadline:   September 27, 2017**
16                                             **(as previously set)**

17                                             **Motions in Limine**
                                               **Hearing:            Date:  October 4, 2017**
18                                             **Time:   3:30 p.m. (as**
                                               **previously set)**
19 _____/   **Court:  7 (SKO)**

20                                             **Jury Trial:          Date: December 11, 2017**
                                               **(5 day estimate)     Time:   8:30 am**
21                                             **Court:  7 (SKO)**

22

23          The Court conducted a pretrial conference on September 6, 2017.  Plaintiff David Romero

24 ("Plaintiff" or "Plaintiff Romero") appeared personally through his counsel Steven A. Geringer,

25 Esq. Defendant James Yates ("Defendant" or "Defendant Yates") appeared personally through his

26 counsel Deputy Attorney General John C. Bridges, Esq., and telephonically through his counsel

27 Supervising Deputy Attorney General Alberto L. Gonzalez, Esq.    Following the pretrial

28 conference, the Court entered its Pretrial Order setting trial for October 23, 2017, and the related

1  pretrial deadlines.  (Doc. 73.)

2      On September 13, 2017, the parties conducted a telephonic conference to discuss

3  Plaintiff's request to continue the trial date to November or December due to the unavailability of

4  Plaintiff's counsel.  (*See* Doc. 75.)  The Court hereby GRANTS that request and, pursuant to

5  Federal Rule of Civil Procedure 16(e) and Rule 283 of the Local Rules of the United States

6  District Court, Eastern District of California, issues the following Amended Pretrial Order.

7  **A.    JURISDICTION AND VENUE**

8      Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343, and the Eastern District of

9  California is the proper venue pursuant to 28 U.S.C. §§ 1391(b)(2) and 1441.  The parties have no

10  dispute regarding jurisdiction or venue.

11  **B.    JURY TRIAL**

12      This case will be tried before a jury.

13  **C.    TRIAL DATE AND ESTIMATED LENGTH**

14      Trial will commence on **Monday, December 11, 2017, at 8:30 a.m. before U.S.**

15  **Magistrate Judge Sheila K. Oberto in Courtroom 7 (SKO).**  The parties estimate that the trial

16  will require approximately 5 days.  The parties are reminded that this Court holds full trial days,

17  and the parties are expected to have witnesses ready every day to avoid wasting jury time.

18  **D.    UNDISPUTED FACTS**

19      1.    Plaintiff David Romero and Defendant James Yates were involved in a verbal

20  altercation while driving on southbound Schnoor Avenue in Madera, California, on the evening of

21  December 23, 2012.

22      2.    Both parties were in lawful possession of firearms.

23      3.    Defendant Yates followed Plaintiff Romero from southbound Schnoor Avenue to

24  eastbound Fillmore, to southbound Orchard Avenue.

25      4.    Plaintiff Romero was driving his 2008 Dodge Dakota pickup at the time of the

26  incident.

27      5.    Defendant Yates was driving his Toyota Sequoia at the time of the incident.

28

1  6.  Jenny Ortega Yates, Defendant Yates' wife, was a passenger in Defendant's
2  vehicle at all relevant times.

3  7.  Mrs. Yates called 9-1-1 during the incident and reported that Plaintiff Romero had
4  brandished a handgun at her husband.  Mrs. Yates stated to the 9-1-1 operator that she did not
5  personally see the handgun, but her husband told her that he saw it.

6  8.  While traveling southbound on Orchard Avenue, Plaintiff Romero made a U-turn at
7  its intersection with University Avenue, so he was then traveling northbound on Orchard Avenue.
8  Defendant Yates was traveling southbound on Orchard Avenue at the time of the U-turn.

9  9.  Upon completion of the U-turn by Plaintiff Romero, Defendant Yates cut into the
10  northbound lane of Orchard Avenue to block Plaintiff's path.  At that time, Defendant Yates
11  exited his vehicle and fired 6 (six) shots into Plaintiff's vehicle.

12  10.  One of the bullets struck part of Plaintiff Romero's index finger on his left hand.

13  11.  Defendant Yates did not identify himself as a law enforcement officer during the
14  incident.

15  **E.    DISPUTED FACTUAL ISSUES**

16  1.  Whether Plaintiff brandished a firearm at Defendant.

17  2.  Whether Plaintiff posed an immediate threat to the safety of Defendant or others.

18  3.  Whether Defendant said anything to Plaintiff prior to firing his gun.

19  4.  Whether Defendant's use of force was reasonable under the circumstances.

20  5.  Whether or not Plaintiff was comparatively at fault for the use of the force and/or
21  negligence claims.

22  6.  The nature and extent of injury to Plaintiff caused by Defendant.

23  7.  The amount of damages, if any, attributable to Defendant.

24  8.  Whether or not Defendant's conduct toward Plaintiff was malicious, oppressive or
25  in reckless disregard of his rights.

26  9.  If so, the amount of appropriate punitive damages, if any.

27  //

28  //

3

**F.      DISPUTED EVIDENTIARY ISSUES**

Defendant expects to offer motions in limine including, but not limited to, the following requests:

1.      Exclude Defendant's personal information, including, but not limited to, disciplinary records and other personnel files related to his employment with the California Highway Patrol, and testimony.

2.      Exclude evidence and testimony regarding the criminal proceedings against Plaintiff arising from the subject incident, including reference to the dismissal of all charges by the Madera County District Attorney.

3.      Exclude evidence and testimony regarding the arrest of Plaintiff by California Highway Patrol officers Lancaster, Jimenez, and Ruvalcaba, including any injuries allegedly sustained during the arrest, if any.

**G.      SPECIAL FACTUAL INFORMATION – TORT ACTIONS**

Plaintiff was 51 years old at the time of the incident.  He alleges a broken bone in his left index finger caused by the shooting.  Plaintiff underwent surgery for this injury, but alleges that the finger is permanently disfigured.  He underwent a second surgery to his finger because one of the surgical pins broke.  His total incurred medical bills related to this injury are $10,552.57.  He missed approximately two months of work, which totals approximately $7,000.

**H.      RELIEF SOUGHT**

Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury.  Plaintiff will presumably seek attorneys' fees if he prevails on the claim under 42 U.S.C. § 1983.  Plaintiff did not allege that he was seeking declaratory relief or injunctive relief in his Complaint.

Defendant prays for a judgment in his favor with Plaintiff taking nothing.

**I.      POINTS OF LAW**

The law concerning qualified immunity was thoroughly briefed in Defendant's summary judgment motion.  Defendant will offer a trial brief as ordered by this Court.

//

**J.     ABANDONED ISSUES AND AMENDMENTS**

**1.     Abandoned Issues**

None.

**2.     Amendments**

None.

**K.     BIFURCATION OF ISSUES AT TRIAL**

In the interest of judicial economy and to avoid prejudice to Defendant or confusing the jury, Defendant requests that trial on issues solely related to the punitive damages claim be bifurcated.  Trial of those issues should immediately follow trial of the other issues if the jury finds that such damages are recoverable.

At the pretrial conference, Plaintiff stated he does not oppose Defendant's request for bifurcation of trial on issues solely related to the punitive damages claim.

**L.     FURTHER DISCOVERY OR MOTIONS**

Discovery has closed.  The parties do not anticipate any further motions other than motions in limine.

**M.     SETTLEMENT NEGOTIATIONS**

The parties appeared for a settlement conference before U.S. Magistrate Judge Stanley A. Boone on August 21, 2017, but the case did not settle.

**N.     WITNESSES**

The following are lists of witnesses that the parties expect to call at trial, with the exception of rebuttal and impeachment witnesses:

**Plaintiff's Witness List**

1.     Plaintiff David Romero

2.     Defendant James Yates

3.     Jenny Ortega Yates

4.     Officer Javier Ruvalcaba

5.     Officer Christopher Lancaster

6.     Officer Efrain Jimenez

1     7.     Kevin Dunivan

2     8.     Jorge Acosta

3 **Defendant's Witness List**

4     1.     Defendant James Yates;

5     2.     Jenny Ortega Yates;

6     3.     Plaintiff David Romero;

7     4.     Officer Daniel Foss;

8     5.     Officer Lori Alva

9     The parties are cautioned that **every** witness they intend to call must appear on that party's

10 witness list.  The mere fact that a witness appears on the opposing party's witness list is not a

11 guarantee that the witness will be called at trial or otherwise be available for questioning by other

12 parties.  The parties must undertake independent efforts to secure the attendance of every witness

13 each party intends to call at trial.

14     No later than **December 4, 2017,** each party shall file and serve a final witness list,

15 including the name of each witness along with the business or home address of each witness, to

16 the extent known, and omitting witnesses listed in the Amended Joint Pretrial Statement whom the

17 parties no longer intend to call.  Only witnesses who are listed in this Pretrial Order may appear on

18 the final witness list.  Further, no witness, other than those listed in the final witness list, may be

19 called at trial, with the exception of rebuttal or impeachment witnesses, unless the parties stipulate

20 or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ.

21 P. 16(e).

22 **O.     EXPERT WITNESSES**

23     Neither party has designated any expert witnesses.

24 **P.     EXHIBITS**

25     **No later than November 29, 2017**, the parties shall exchange their proposed exhibits to

26 the extent they have not already done so.  The parties' counsel shall meet and conduct an exhibit

27 conference **no later than December 1, 2017,** to prepare exhibit lists to the extent they have not

28

1  already done so.[1]  **No later than December 4, 2017,** the parties shall file and serve their final lists

2  of respective pre-marked exhibits.  Impeachment or rebuttal evidence need not be pre-marked.

3  Only those exhibits that are listed in this Pretrial Order may appear on the final exhibit list.

4  Further, no exhibit other than those listed in the final exhibit list may be admitted at trial unless the

5  parties stipulate or upon a showing that this order should be modified to prevent "manifest

6  injustice." Fed. R. Civ. P. 16(e).

7  **If a party attempts to admit or use for any purpose evidence that (1) was not**

8  **previously disclosed during discovery and (2) should have been disclosed as an initial**

9  **disclosure under Rule 26(a) or as a supplemental disclosure under Rule 26(e), the Court will**

10  **prohibit that party from admitting or using for any purpose that evidence at trial, unless the**

11  **failure was substantially justified or was harmless.**  *See* **Fed. R. Civ. P. 37(c)(1).**

12  **No later than December 6, 2017,** the parties shall submit to the Clerk's Office, all pre-

13  marked documentary trial exhibits, including all originals and three copies.  The parties anticipate

14  using the following exhibits:

15  **Plaintiff's Exhibit List**

16  1.  Defendant's Rule 26 Initial and Supplemental Disclosures.

17  2.  Photographs and video recordings of the incident scene.

18  3.  Photographs of Plaintiff at time of his arrest.

19  4.  Excerpts of Preliminary Hearing Transcript of Jenny Yates in Madera Superior

20  Court No. MCR045397.

21  5.  Excerpts of Preliminary Hearing Transcripts of James Yates in Madera Superior

22  Court No. MCR045397.

23  6.  Excerpts of Preliminary Hearing Transcripts of Officer Daniel Foss in Madera

24  Superior Court No. MCR045397.

25  7.  MAIT (Multidisciplinary Accident Investigation Team) Narrative/Diagram.

26  8.  Aerial and Street maps of area where the incident occurred.

27

28  [1] Joint exhibits should be marked starting with "J-1," continuing with "J-2," "J-3," "J-4," etc.  Plaintiff's exhibits should be marked starting with "P-201," continuing with "P-202," "P-203," "P-204," etc.  Defendant's exhibits should be marked starting with "D-501," continuing with "D-502," "D-503," "D-504," etc.

1        9.      Medical Reports and Billing Records of Regional Hand Surgery Associates relating

2  to the injuries sustained by Plaintiff from the actions of Defendant shooting at and striking

3  Plaintiff.

4        10.     Medical Reports and Billing Records of Roy O. Kroeker DPM, Inc. relating to the

5  injuries sustained by Plaintiff from the actions of Defendant shooting at and striking Plaintiff.

6        11.     Medical Reports and Billing Records of Randi A. Galli, M.D. relating to the

7  injuries sustained by Plaintiff from the actions of Defendant shooting at and striking Plaintiff.

8        12.     Records of lost wages incurred by Plaintiff from being shot by Defendant.

9        13.     Damages to Plaintiff's truck from Defendant shooting into Plaintiff's truck.

10       14.     Excerpts of Deposition Transcripts of Officer Javier Ruvalcaba conducted in this

11  proceeding.

12       15.     Excerpts of Deposition Transcripts of Officer Christopher Lancaster conducted in

13  this proceeding.

14       16.     Excerpts of Deposition Transcripts of Officer Efrain Jimenez conducted in this

15  proceeding.

16  **Defendant's Exhibit List**

17       1.      Plaintiff's Rule 26 Initial Disclosure.

18       2.      Audio recording of the 9-1-1 call placed by Jenny Yates.

19       3.      Video recording of the Madera Police Department interview with Plaintiff on the

20  evening of the incident at the police station.

21       4.      Photographs of the .40 handgun found in Plaintiff's possession at the scene of the

22  incident.

23       5.      Audio recording of the Madera Police Department interview with Plaintiff taken at

24  the scene of the incident.

25       6.      Certified tape transcription of police interview of David Romero at Madera Police

26  Department interrogation room on 12/23/2012.

27       7.      MAIT (Multidisciplinary Accident Investigation Team) Narrative/Diagram

28  Supplemental Report (redacted for privacy).

1        8.      Madera Police Department – Incident Report and Supplements – Case No. 12-

2  02368 (12 pages) [redacted].

3        9.      Madera Police Department – Incident Report and Supplements – Case No. 12-

4  41659 (15 pages) [redacted].

5       10.     CHP Form 216 – Arrest – Investigation Report File Number M18-450-12 (4

6  pages).

7       11.     Government Claims form submitted by David Romero on June 6, 2013 (4 pages).

8       12.     Aerial map of area where incident occurred for demonstrative purposes.

## Q.    DISCOVERY DOCUMENTS

10       1.      Plaintiff anticipates and plans to use the following discovery documents at trial for

11  the purposes of cross examination, rebuttal, and impeachment:

12            a.      Defendant's Rule 26 Initial and Supplemental Disclosures.

13            b.      Photographs and video recordings of the incident scene.

14            c.      Photographs of Plaintiff at time of his arrest.

15            d.      Excerpts of deposition transcripts and testimony given under oath for

16  purposes of impeachment, rehabilitation, admissions, and/or rebuttal as circumstances of

17  trial dictate.

18

19       2.      Defendant anticipates and plans to use the following discovery documents at trial

for the purposes of cross examination, rebuttal, and impeachment:

20            a.      Plaintiff's Rule 26 Initial Disclosure.

21            b.      Audio recording of the 9-1-1 call placed by Jenny Yates.

22            c.      Video recording of the Madera Police Department interview with Plaintiff

23  on the evening of the incident at the police station.

24            d.      Photographs of the .40 handgun found in Plaintiff's possession at the scene

25  of the incident.

26            e.      Excerpts of deposition transcripts for purposes of impeachment,

27  rehabilitation, admissions, and/or rebuttal as circumstances of trial dictate.  Defendant

28

9

1    reserves the right to move to admit witness testimony by deposition if a previously

2    deposed witness is unavailable for trial.

3            f.        Audio recording of the Madera Police Department interview with Plaintiff

4    taken at the scene of the incident.

5    **No later than December 4, 2017,** the parties shall file and serve a final list of discovery

6    documents that they intend to use at trial.  Only those discovery documents listed in this Pretrial

7    Order may appear on the final discovery document list.  Further, no discovery document, other

8    than those listed in the final exhibit list, may be admitted at trial for any purpose including for

9    rebuttal unless the parties stipulate or upon a showing that this order should be modified to prevent

10   "manifest injustice."  Fed. R. Civ. P. 16(e).

11           Discovery documents (or relevant portions thereof) may be either separately marked and

12   indexed as a trial exhibit (as part of the exhibit marking process described above) or, if admissible,

13   read directly into evidence.  **No later than December 6, 2017,** the parties shall submit to the

14   Court, through the Clerk's Office, all pre-marked discovery documents.

15   **R.     DUTIES OF COUNSEL REGARDING EVIDENCE**

16           **1.     General Evidentiary Matters**

17           During the course of trial, the parties' counsel shall meet with the Court each morning to

18   advise as to which items of evidence will be used that day and which have not already been

19   admitted into evidence.  The Court will rule on any objections to the extent possible prior to the

20   commencement of trial each day out of the presence of the jury.  If such ruling depends on the

21   receipt of testimony or other evidence, the Court will rule as appropriate upon receipt of such

22   testimony or evidence.  If evidentiary problems are anticipated, the parties' counsel are required to

23   notify the Court immediately that a hearing outside the jury's presence will be required.  During

24   the time set for conducting the trial before the jury, the Court will not hear argument outside the

25   jury's presence on such matters.

26           **2.     Witnesses**

27           During the trial, **the parties' counsel shall provide to the Court and the other counsel,**

28   **no less than one (1) court day before a witness is called, with the name of the witness to be**

10

1  **called.**   If evidentiary problems are anticipated, counsel are required to notify the Court

2  immediately that a hearing will be required.

3        **3.        Duty of Parties' Counsel**

4        The Court respects the jury's time and expects issues that must be presented outside the

5  jury's presence to be raised such that the jury's service is not unnecessarily protracted.  To the

6  extent possible, the parties shall raise issues that must be presented to the Court outside of the

7  jury's presence (1) in the morning before the jury sits, (2) during breaks, (3) in the afternoon after

8  the jury is excused or (4) during any other appropriate time that does not inconvenience the jury.

9  For example, if evidentiary problems can be anticipated, the parties should raise the issue with the

10 Court before the jury sits so that there is no delay associated with specially excusing the jury.

11 Issues raised for the first time while the jury is sitting when the issue could have been raised

12 earlier will be looked upon with disfavor and counsel may be sanctioned for any fees, costs or

13 other expenses caused by their failure to raise the issue at a more convenient time.

14       **4.        Post-Trial Exhibit Retention**

15       The party's counsel who introduces evidence at trial shall retrieve the original exhibits

16 from the Courtroom Deputy following the verdict in the case.  The parties' counsel shall retain

17 possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

18 **S.      MOTIONS IN LIMINE**

19       The Court ORDERS the parties' counsel to meet and confer on anticipated motions in

20 limine and to distill evidentiary issues. The Court FURTHER ORDERS the parties to file motions

21 in limine as to only important matters in that most evidentiary issues can be resolved easily with a

22 conference among the Court and counsel.  If, after conferring, any party chooses to file motions in

23 limine, the party shall file and serve its motions in limine by **no later than September 20, 2017,**

24 **as previously set.**   Oppositions to motions in limine shall be filed and served **no later than**

25 **September 27, 2017, as previously set.**  The Court will conduct a hearing on **October 4, 2017, at**

26 **3:30 p.m. in Courtroom 7 (SKO), as previously set.  Telephonic appearances for the motion**

27 **in limine hearing are approved; counsel appearing telephonically shall confer to place one**

28 **conference call to the Court at the time and date for the hearing.**

11

**T.     TRIAL PREPARATION AND SUBMISSIONS**

**1.      Trial Briefs**

**No later than December 4, 2017,** the parties may file optional trial briefs pursuant to Local Rule 285.

**2.      Neutral Statement of the Case**

**No later than November 29, 2017,** the parties shall serve a proposed neutral statement of the case on the opposing party.  **No later than December 1, 2017,** the parties shall meet and confer regarding the drafting of a neutral statement of the case.  The parties shall jointly file a neutral, brief statement of the case, which is suitable for reading to the jury by **no later than December 6, 2017**.

**3.      Proposed Voir Dire**

The parties shall file and serve any proposed jury voir dire by no later than **December 4, 2017**.

**4.      Proposed Jury Instructions**

The parties shall serve their proposed jury instructions on one another **by no later than November 29, 2017**.  The parties shall conduct a conference to address their proposed jury instructions by **no later than December 1, 2017**.  At the conference, the parties SHALL reach an agreement on the jury instructions for use at trial.  The parties shall file and serve all agreed-upon jury instructions, and identify them as such, **by no later than December 6, 2017**.

For those jury instructions on which the parties cannot agree, **by no later than December 6, 2017,** the parties may file and serve no more than ten (10) proposed jury instructions and identify them as instructions upon which the parties could not agree.  Without prior order, the Court will not consider additional proposed jury instructions past the first ten (10).

All jury instructions shall indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendant's), the number of proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

1  Ninth Circuit Model Jury Instructions **SHALL** be used where the subject of the instruction

2  is covered by a model instruction.  Otherwise CACI or BAJI instructions **SHALL** be used where

3  the subject of the instruction is covered by CACI or BAJI.  **All instructions shall be short,**

4  **concise, understandable, neutral, and accurate statements of the law.  Argumentative or**

5  **formula instructions will not be given and must not be submitted.**  Quotations from legal

6  authorities without reference to the issues at hand are unacceptable.

7  The parties shall, by italics or underlining, designate any modifications of instructions

8  from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury

9  Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state

10  the modification made to the original form instruction and the legal authority supporting the

11  modification.

12  **By no later than December 7, 2017,** the parties may file and serve any written objections

13  to disputed jury instructions proposed by another party.  All objections shall be in writing, set

14  forth the proposed instruction, and shall include a citation to legal authority to explain the grounds

15  for the objection and why the instruction is proper.  A concise argument concerning the instruction

16  may be included.  Where applicable, the objecting party shall submit an alternative proposed

17  instruction covering the subject or issue of law.

18  **5.      Proposed Verdict Form**

19  The parties shall serve their proposed verdict form on one another by **no later than**

20  **November 29, 2017.**  The parties shall conduct a conference to address their proposed verdict

21  form **by no later than December 1, 2017**.  At the conference, the parties SHALL reach

22  agreement on the verdict form for use at trial.  The parties shall file and serve the agreed-upon

23  verdict form, and identify it as such, **by no later than December 6, 2017**.  If a party seeks

24  additions to the agreed-upon verdict form, the party may file and serve, by **no later than**

25  **December 7, 2017,** a proposed verdict form which includes the agreed-upon portions and

26  additions which are clearly indicated on the party's proposed verdict form.  The Court will strike

27  and will not accept separately proposed verdict forms upon which the parties do not agree.

28  //

### 6. Other Matters

All proposed jury instructions and verdict forms shall be e-mailed as a Word document attachment to skoorders@caed.uscourts.gov by no later than **December 6, 2017**. Jury instructions and verdict forms will not be given or used unless they are e-mailed to the court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

## U. COURTROOM ACCESS

To the extent either party has video or DVD evidence they wish to present, the only method of displaying such evidence will be through the use of the parties' laptop(s) which will be then projected to the courtroom monitors and speakers.

The parties should contact Courtroom Deputy Alice Timken **by no later than November 30, 2017,** to coordinate access to the courtroom and training with IT on equipment. They may contact her at 559-499-5975.

## V. SUMMARY OF PRETRIAL DEADLINES AND HEARINGS

| Deadline | Event |
|---|---|
| **September 20, 2017** | • File Motions in Limine |
| **September 27, 2017** | • Oppose Motions in Limine |
| **October 4, 2017** | • Hearing on Motions in Limine (at 3:30 pm) |
| **November 29, 2017** | • Exchange proposed exhibits;<br>• Serve proposed neutral statement of the case on opposing party;<br>• Serve proposed jury instructions on opposing party; and<br>• Serve proposed verdict forms on opposing party. |
| **November 30, 2017** | • Contact Courtroom Deputy to coordinate access to courtroom and IT equipment |
| **December 1, 2017** | • Exhibit Conference;<br>• Meet and Confer to draft joint neutral statement of the case; |

| | |
|---|---|
| | • Meet and Confer regarding jury instructions; and<br>• Meet and Confer regarding verdict form |
| **December 4, 2017** | • Serve and File Final Witness Lists;<br>• Serve and File Final Exhibit Lists;<br>• Serve and File Final list of discovery documents;<br>• File optional trial brief; and<br>• File any proposed voir dire |
| **December 6, 2017** | • Submit all pre-marked trial exhibits to the Clerk's Office;<br>• Submit all pre-marked discovery documents to the Clerk's Office;<br>• Submit all deposition transcripts reasonably anticipated for use for any purpose at trial to the Clerk's Office;<br>• Serve opening statement materials; on opposing parties and provide a copy to the Court;<br>• File and email <u>agreed-upon</u> jury instructions;<br>• File and email <u>joint</u> verdict form;<br>• File and email <u>Joint</u> Neutral Statement of the Case; and<br>• File up to 10 proposed jury instructions on which the parties could not agree (no more than 10 TOTAL will be considered) |
| **December 7, 2017** | • File any objections to separately proposed jury instructions; and<br>• File any additions to the agreed-upon verdict form |
| **December 11, 2017 at 8:30 a.m.** | • Trial begins |

## W.     STRICT COMPLIANCE

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this Pretrial Order, especially those portions pertaining to jury instructions and a verdict form. Counsel and the parties are subject to sanctions for failure to fully

//

//

//

15

comply with this order and its requirements. **The Court will modify this order "only to prevent manifest injustice."** Fed. R. Civ. P. 16(e).

IT IS SO ORDERED.

Dated: __**September 19, 2017**__              __/s/ *Sheila K. Oberto*__

UNITED STATES MAGISTRATE JUDGE